E-filing

LAW OFFICES OF JOHN M. KELSON
JOHN M. KELSON (75462)
1999 Harrison Street, Suite 700
Oakland, California 94612
Telephone: 510/465-1326
Facsimile: 510/465-0871

Attorneys for Representative Plaintiff
And the Plaintiff Classes

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRAVIS RICHARDSON, on behalf of himself and all others similarly situated, | ) ) ) ) | Case No. C07-05031 BZ |
| | ) | **CLASS ACTION** |
| Plaintiff, | ) | **COMPLAINT** |
| vs. | ) ) | |
| HITACHI AMERICA, LTD.; HITACHI, LTD.; HITACHI ELECTRONIC DEVICES USA; HYNIX SEMICONDUCTOR AMERICA, INC.; HYNIX SEMICONDUCTOR, INC.; MICRON TECHNOLOGY, INC. MICRON SEMICONDUCTOR PRODUCTS, INC.; MITSUBISHI ELECTRIC CORPORATION; MITSUBISHI ELECTRIC AND ELECTRONIICS USA. INC.; MOSEL VITELIC CORPORATION; MOSEL VITELIC, INC.; RENESAS TECHNOLOGY CORPORATION; RENESAS TECHNOLOGY AMERICA, INC.; SAMSUNG SEMICONDUCTOR, INC.; SAMSUNG ELECTRONICS COMPANY, LTD.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.; WINBOND ELECTRONICS CORPORATION; WINBOND ELECTRONICS CORPORATION AMERICA, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) ) ) | |

CLASS ACTION COMPLAINT

1

1       Plaintiff, by his attorneys, brings this civil action for damages and injunctive relief on

2   behalf of himself and others similarly situated against the above named Defendants.  Plaintiff

3   alleges as follows, based upon information and belief, except as to those allegations pertaining to

4   Plaintiff personally, that the Defendants violated the antitrust laws of the United States by

5   conspiring to raise, fix, maintain and/or stabilize the price of Flash Memory sold in the United

6   States during the relevant time period defined below.

7   **I.      JURISDICTION AND VENUE**

8       1.      Pursuant to Section 16 of the Clayton Act, 15 U.S.C. § 26, this complaint is filed

9   seeking injunctive relief for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Plaintiff

10  and the Class also seek damages for violations of state antitrust and consumer protection laws.

11  Plaintiff and all others similarly situated seek to recover the costs of suit, including reasonable

12  attorneys' fees, for the injuries sustained as a result of the Defendants' violations.

13      2.      This Court's jurisdiction is based on 28 U.S.C. §§ 1331 and 1337.  In addition, the

14  Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 because those claims are

15  so tied to the federal claim they form part of the same case or controversy.  The Court also has

16  jurisdiction over the state law claims under 28 U.S.C. § 1332 because the amount in controversy

17  for the Class exceeds $5,000,000 and there are members of the Class who are citizens of

18  different states.

19      3.      Under 15 U.S.C. § 22 and 28 U.S.C. § 1391 venue is proper in this District

20  because Defendants reside, transact business, or are found within the District. Venue also is

21  proper in this District because a major part of the events giving rise to the claims arose in the

22  District.

23      4.      The activities of the Defendants and their co-conspirators, as described herein,

24  were within the flow of, were intended to and did have a major and discernible effect on the

25  foreign and interstate commerce, and the facilities thereof, of the United States of America, and

26  thus were within the intendment of its antitrust laws.

27

28  **CLASS ACTION COMPLAINT**

1  **II.    NATURE OF THE ACTION**

2      5.      This lawsuit is brought by Plaintiff as a Class Action on behalf of persons and

3  entities who purchased Flash Memory INDIRECTLY from Defendants, their subsidiaries,

4  agents, or co-conspirators during the period from at least January 1, 1999 through the present

5  ("Class Period").

6      6.      Defendants are described as the top manufacturers of Flash Memory in the world.

7  As named herein, several of the Defendants also produce other memory products, including

8  Dynamic Random Access Memory ("DRAM"), and Static Random Access Memory (SRAM"),

9  which are the subject of criminal and civil antitrust investigations.

10     7.      What makes Flash Memory unique is that it is non-volatile, meaning that it does

11  not need continuous power to maintain the information stored on the chip.  Primarily used in

12  memory cards, Flash Memory also can be electronically erased and reprogrammed.  In addition

13  to memory cards, it is used in digital cameras, digital audio players, mobile phones and video

14  game consoles.  Because it costs far less than competing forms of memory, Flash Memory has

15  become the dominant technology wherever a significant amount of non-volatile, solid-state

16  storage is needed.  As a stand-alone product, it has broad applications with respect to memory

17  cards, storage devices and portable electronic products.  Flash Memory is distinct from SRAM

18  and DRAM because it does not need continuous power to store data.

19     8.      The term "Flash Memory" means all types of Flash Memory sold during the Class

20  Period, including AND, Not AND ("NAND"), and Not OR ("NOR") technologies.

21     9.      The collusive behavior during the Class Period by Defendants artificially inflated

22  the price of Flash Memory as Defendants participated in cartel-like behavior to fix the prices of

23  Flash Memory products.  Defendants' unlawful conduct and conspiracy caused Plaintiff and

24  Class members to pay inflated prices for Flash Memory.  Plaintiff and other members of the

25  Class who purchased these products have been damaged by Defendants' illegal conduct.

26

27

3

28  **CLASS ACTION COMPLAINT**

1   **III.   <u>PARTIES</u>**

2       **A.   <u>Plaintiff</u>**

3       10.   Plaintiff Travis Richardson is a resident of Alameda County, State of California,

4   and an individual who frequently depends on Flash Memory for his livelihood and other day-to-

5   day activities.  He purchased Flash Memory indirectly from one or more of the Defendants

6   during the Class Period and was injured as a result of the Defendants' illegal conduct and

7   behavior.

8       **B.   <u>Defendants</u>**

9       11.   Defendant **HITACHI AMERICA, LTD**. is incorporated in the State of New

10  York with its principal place of business at 50 Prospect Avenue, Tarrytown, New York 10591. It

11  is a wholly owned subsidiary of Defendant Hitachi Ltd. During the Class Period, Hitachi

12  America, Ltd. sold and distributed Flash Memory to customers throughout the United States.

13      12.   Defendant **HITACHI, LTD**. is a business entity organized under the laws of

14  Japan with its principal place of business at 6-1 Marunoyuchi Center Building 13F Chiyodaku,

15  Tokyo, 100-8220, Japan. During the Class Period, Hitachi, Ltd. sold and distributed Flash

16  Memory to customers throughout the United States.

17      13.   Defendant **HITACHI ELECTRONIC DEVICES USA** is incorporated in the

18  State of Delaware with its principal place of business at 575 Mauldin Road, Greenville, South

19  Carolina 29607. It is a wholly owned subsidiary of Defendant Hitachi, Ltd. During the Class

20  Period, Hitachi Electronic Devices USA sold and distributed Flash Memory to customers

21  throughout the United States.  Defendants Hitachi America, Ltd., Hitachi, Ltd., and Hitachi

22  Electronic Devices USA, Inc. are referred to collectively herein as "Hitachi."

23      14.   Defendant **HYNIX SEMICONDUCTOR AMERICA, INC.** is incorporated in

24  the State of California with its principal place of business at 3101 North First Street, San Jose,

25  California, 95134. It is a wholly owned subsidiary of Defendant Hynix Semiconductor, Inc.

26

27
                                    4
28  **CLASS ACTION COMPLAINT**

1    During the Class Period, Hynix Semiconductor America, Inc. sold and distributed Flash Memory

2    to customers throughout the United States.

3        15.    Defendant **HYNIX SEMICONDUCTOR, INC.** is a business entity organized

4    under the laws of South Korea with its principal place of business at SAN 136-1, Ami-Ri Bubal-

5    eub, Icheon-si, Kyoungki-do, South Korea, 467-701. During the Class Period, Hynix

6    Semiconductor, Inc. sold and distributed Flash Memory to customers throughout the United

7    States. Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc. are referred to

8    collectively herein as "Hynix."

9        16.    Defendant Defendant **MICRON TECHNOLOGY, INC.** is incorporated in the

10   State of Delaware with its principal place of business at 8000 South Federal Way, Boise, Idaho,

11   83716.  During the Class Period, Micron Technology, Inc. sold and distributed Flash Memory

12   throughout the United States.   Defendant **MICRON TECHNOLOGY, INC**., upon information

13   and belief, has acquired and is a successor to **LEXAR MEDIA, INC**., assuming the liabilities

14   thereof.  **LEXAR MEDIA, INC.,** so Plaintiff is further informed and believes, was incorporated

15   in the State of Delaware with its principal place of business at 47300 Bayside Parkway, Fremont,

16   California, 94538.  During the Class Period, Lexar Media, Inc. sold and distributed Flash

17   Memory to customers throughout the United States.  In March, 2006 Micron Technology

18   announced it had acquired Lexar Media, Inc., in a deal valued at $688 million in stock.

19   Defendant Lexar Media, Inc. is referred to herein as "Lexar."

20       17.    Defendant **MICRON SEMICONDUCTOR PRODUCTS, INC.** is incorporated

21   in the State of Delaware with its principal place of business at 8000 South Federal Way, Boise,

22   Idaho, 83716. It is a wholly owned  subsidiary of Defendant Micron Technology, Inc. During the

23   Class Period, Micron Semiconductor Products, Inc. sold and distributed Flash Memory to

24   customers throughout the United States.  Micron Technology, Inc., and Micron Semiconductor

25   Products, Inc. are referred to collectively herein as "Micron."

26

27
                                                    5
28   **CLASS ACTION COMPLAINT**

1    18.    Defendant **MITSUBISHI ELECTRIC CORPORATION**, is a business entity

2    organized under the laws of Japan with its principal place of business at Tokyo Building 2-7-3,

3    Marunouchi, Chiyoda-ku, Tokyo 100-8310, Japan. During the Class Period, Mitsubishi Electric

4    Corporation sold and distributed Flash Memory to customers throughout the United States.

5    19.    Defendant **MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC.**, is

6    incorporated in the State of Delaware with its principal place of business at 500 Corporate Wood

7    Parkway, Vernon Hills, Illinois 60061. It is a wholly owned  subsidiary of Mitsubishi Electric

8    Corporation. During the Class Period, Mitsubishi Electric and Electronics USA, Inc. sold and

9    distributed Flash Memory to customers throughout the United States. Defendants Mitsubishi

10    Electric Corporation and Mitsubishi Electric and Electronics USA, Inc. are referred to

11    collectively herein as "Mitsubishi."

12    20.    Defendant **MOSEL VITELIC CORPORATION**, is incorporated in the State of

13    California with its principal place of business at 3910 North First Street, San Jose, California

14    95134. It is a wholly owned subsidiary of Mosel Vitelic. Inc. During the Class Period, Mosel

15    Vitelic Corporation sold and distributed Flash Memory to customers throughout the United

16    States.

17    21.    Defendant **MOSEL VITELIC, INC**. is a business entity organized under the

18    laws of Taiwan with its principal place of business at No. 19 Li Hsin Road, Science-Based

19    Industrial Park, Hsinchu, Taiwan. During the Class Period, Mosel Vitelic, Inc. sold and

20    distributed Flash Memory to customers throughout the United States. Defendants Mosel Vitelic

21    Corporation and Mosel Vitelic, Inc., are referred collectively herein as "Mosel."

22    22.    Defendant **RENESAS TECHNOLOGY CORPORATION** is a business entity

23    organized under the laws of Japan with its principal place of business at Marunouchi Building, 4-

24    1, Marunouchi 2-chrome, Chiyoda-ku, Tokyo, 100-6334, Japan.  Renesas Technology

25    Corporation was established April 1, 2003 as a joint venture of Hitachi and Mitsubishi.  During

26

27

6

28    **CLASS ACTION COMPLAINT**

1  the Class Period, Renesas Technology Corporation sold and distributed Flash Memory to

2  customers throughout the United States.

3      23.    Defendant **RENESAS TECHNOLOGY AMERICA, INC.** is incorporated in the

4  State of Delaware corporation with its principal place of business at 450 Holger Way, San Jose,

5  California, 95134. It is a wholly owned subsidiary of Renesas Technology Corporation. During

6  the Class Period, Renesas Technology America, Inc. sold and distributed Flash Memory to

7  customers throughout the United States. Defendants Renesas Technology Corporation and

8  Renesas Technology America, Inc. are referred to collectively herein as "Renesas."

9      24.    Defendant **SAMSUNG SEMICONDUCTOR, INC.** is incorporated in the State

10  of California with its principal place of business at 3655 North First Street, San Jose, California,

11  95134. It is a wholly owned subsidiary of Samsung Electronics Co. Ltd. During the Class

12  Period, Samsung Semiconductor, Inc. sold and distributed Flash Memory to customers

13  throughout the United States.

14      25.    Defendant **SAMSUNG ELECTRONICS COMPANY, LTD.** is a business entity

15  organized under the laws of South Korea with its principal place of business at Samsung Main

16  Building, 250-2 ga, Taepyung-ro, Chung-gu, Seoul, Korea. During the Class Period, Samsung

17  Electronics Company, Ltd. sold and distributed Flash Memory to customers throughout the

18  United States. Samsung Electronics Company, Ltd. and Samsung Semiconductor, Inc. are

19  referred to collectively herein as "Samsung."

20      26.    Defendant **TOSHIBA CORPORATION** is a business entity organized under the

21  laws of Japan with its principal place of business at 1-1 Shibaura, 1-chrome Minato-ku, Tokyo,

22  105-8001, Japan. During the Class Period, Toshiba Corporation sold and distributed Flash

23  Memory to customers throughout the United States.

24      27.    Defendant **TOSHIBA AMERICA INC.** is incorporated in the State of Delaware

25  with its principal place of business at 1251 Avenue of the Americas, Suite 4110, New York, New

26  York, 10020. It is a wholly owned subsidiary of Toshiba Corporation. During the Class Period,

27

28  **CLASS ACTION COMPLAINT**

1  Toshiba America Inc. sold and distributed Flash Memory to customers throughout the United

2  States.

3      28.    Defendant **TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC.** is

4  incorporated in the State of California with its  principal place of business at 19900 MacArthur

5  Boulevard, Suite 400, Irvine, California, 92612.  It is a wholly owned subsidiary of Toshiba

6  Corporation.  During the Class Period, Toshiba America Electronic Components, Inc. sold and

7  distributed Flash Memory to customers throughout the United States.  Toshiba Corporation,

8  Toshiba America Inc. and Toshiba America Electronic Components, Inc. are referred to

9  collectively herein as "Toshiba."

10     29.    Defendant **WINBOND ELECTRONICS CORPORATION** is a business entity

11  organized under the laws of Taiwan with its headquarters at No. 4 Creation Road 3, Science-

12  Based Industrial Park, Hsinchu, 300, Taiwan. During the Class Period, Winbond Electronics

13  Corporation sold and distributed Flash Memory to customers throughout the United States.

14     30.    Defendant **WINBOND ELECTRONICS CORPORATION AMERICA, INC.**

15  is incorporated in the State of Delaware with its principal place of business at 2727 North First

16  Street, San Jose, California, 95135. It is a wholly owned subsidiary of Winbond Electronics

17  Corporation.  During the Class Period, Winbond Electronics Corporation America, Inc., sold and

18  distributed Flash memory to customers throughout the United States. Defendants Winbond

19  Electronics Corporation and Winbond Electronics Corporation America, Inc. are referred to

20  collectively herein as "Winbond."

21  **IV.    AGENTS AND CO-CONSPIRATORS**

22     31.    Each Defendant, at all relevant times, was and is the agent of each of the other

23  Defendants and in doing the acts alleged herein, was acting within the course and scope of such

24  agency.  Each Defendant ratified, endorsed and/or authorized the wrongful acts of each of the

25  Defendants.

26

27
                                                8
28  **CLASS ACTION COMPLAINT**

1    32.    Certain other persons, firms, corporations and entities have participated as co-
2    conspirators with Defendants in the violations and conspiracies alleged herein. In order to
3    engage in the offenses charged and violations alleged herein, these co-conspirators performed
4    acts and made statements in furtherance of the antitrust violations and conspiracies.

5    33.    Defendants, and each of them, have participated as members of the conspiracy or
6    acted with or in furtherance of it, or aided or assisted in carrying out its purposes alleged herein,
7    and have performed acts and made statements in furtherance of the violations and conspiracy.
8    Defendants, and each of them, are individually sued as participants and as aiders and abettors in
9    the improper acts, plans, schemes, and transactions alleged herein.

10   **V.    UNNAMED PARTICIPANTS**

11   34.    A number of persons and entities actively participated as co-conspirators with the
12   Defendants during the course of and in furtherance of the price-fixing scheme herein alleged.
13   Many acts were done in the course of and in furtherance of the conspiracy by statements,
14   conduct, and intent to defraud. The individuals and entities acted in concert by joint ventures
15   and by acting as agents for principals to advance and promote the conspiratorial objectives.

16   **VI.    TRADE AND PRODUCT**

17   35.    The market for the manufacture and sale of Flash Memory is difficult to enter
18   because of high manufacturing and technological barriers. Efficient fabrication plants are large
19   and expensive. In addition, Flash Memory is subject to technological advances, so that firms
20   within the industry must undertake significant research and development expenses. All of this
21   plays a role in limiting the number of suppliers in the industry.

22   36.    In addition, Flash Memory is a homogeneous product sold by Defendants and
23   purchased by Plaintiff and members of the Class primarily on the basis of price.

24   37.    Manufacturers of electronic devices, and resellers of Flash Memory components,
25   purchase Flash Memory directly or indirectly from the Defendants. These electronic devices and
26   Flash Memory components are then sold to consumers directly or indirectly.

27

28   **CLASS ACTION COMPLAINT**

1    38.    Defendants sell Flash Memory through various channels, including to

2  manufacturers of electronic products and devices, and to resellers or vendors of products

3  containing Flash Memory. These electronic products and devices are then sold to consumers,

4  directly or indirectly and are not altered during the course of sale.

5    39.    The largest market in the world for Flash Memory is California. California also is

6  the worldwide center of the high technology industry and other industries that depend upon Flash

7  Memory. On a regular and continuous basis, statements concerning the prices and market

8  conditions for Flash Memory were disseminated by Defendants from and into California.

9  **VII.    MARKET AND COMMERCE**

10    40. Defendants and their co-conspirators engaged in the business of marketing and

11  selling Flash Memory in the United States during the Class Period, with sales in the billions of

12  dollars. The market for Flash Memory is large and growing, with worldwide revenues in excess

13  of $12 billion in 2006 alone.

14    41.    The Flash Memory market is oligopolistic in nature with Defendant Samsung the

15  market leader followed by Defendants Toshiba, Hynix, Renesas, and Micron. According to the

16  iSuppli website, these five defendants controlled about 95% of the market in 2005.

17    42.    The market for the manufacture and sale of Flash Memory is conducive to the

18  type of collusive activity that is the subject of this complaint.

19  **VIII.    CLASS ACTION ALLEGATIONS**

20    43.    Plaintiff brings this action itself and on behalf of the Class in accordance with

21  Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

22    All persons and entities currently residing in the United States who, from January

23    1, 1999 through the present, purchased Flash Memory in the United States.

24    Specifically excluded from this Class are the Defendants; their parents,

25    predecessors, successors, subsidiaries, units, divisions, employees, officers,

26    directors; co-conspirators; government entities; and any and all judges and

27

10

28  **CLASS ACTION COMPLAINT**

1   justices (and members of their immediate families) assigned to hear any aspect of

2   this case.

3       44.     Under Rule 23 of the  Federal Rules of Civil Procedure this action is appropriate

4   for class treatment for the following reasons:

5               a.   Although Plaintiff does not know the exact number of Class members,

6                    since such information is the exclusive control of Defendants and agents,

7                    Plaintiff believes that due to the nature of the trade and commerce

8                    involved Class members are sufficiently numerous, most likely hundreds

9                    of thousands of purchasers, and geographically dispersed throughout the

10                   United States such that joinder of all Class members is impracticable.  The

11                   information as to the identity of the Class members can be readily

12                   determined from records maintained by Defendants and their agents.

13              b.   The Class is ascertainable and there is a defined community of interest

14                   among Class members;

15              c.   Plaintiff's claims are typical of the claims of the Class in that Plaintiff is a

16                   purchaser of Flash Memory in the United States, and, all Class members

17                   were damaged in the same manner by the same wrongful conduct of

18                   Defendants and their co-conspirators as alleged herein, and the relief

19                   sought is common to the Class.

20      45.     Numerous questions of law and fact that are common to the Class arise from

21   Defendants' anti-competitive conduct.  Among these common questions of law and fact are:

22              a.   Whether Defendants engaged in a contract, combination or conspiracy

23                   among themselves and/or their co-conspirators to raise, fix, maintain, peg

24                   or stabilize the prices of Flash Memory  sold in the United States;

25

26

27

28  **CLASS ACTION COMPLAINT**

b.   Whether Defendants engaged in a contract, combination or conspiracy among themselves and/or their co-conspirators to allocate the market for Flash Memory;

c.   What are the identities of the co-conspirators;

d.   The duration of the conspiracy and the nature and character of the acts done in furtherance of the conspiracy;

e.   Whether Defendants actively concealed the contract, combination or conspiracy from Plaintiff and other Class members;

f.   Whether the conspiracy violated Section 1 of the Sherman Act;

g.   Whether the conduct of the Defendants constitutes a violation of California Business and Professions Code sections 16720 and 17200;

h.   Whether Defendants' conduct constitutes a violation of the antitrust, unfair competition, and common laws of the states as alleged in the Fourth Claim for Relief below;

I.   Whether the conduct of Defendants and their co-conspirators caused prices of Flash Memory to be artificially inflated to non-competitive levels; and

j.   Whether Plaintiff and other members of the Class were injured by the conduct of Defendants and their co-conspirators and, if so, the appropriate class-wide measure of damages and appropriate injunctive relief.

These common questions of law and fact are common to the Class, and predominate over any other questions affecting only individual Class members.

46.   Plaintiff will fairly and adequately represent the interests of the Class in that Plaintiff is a typical business purchaser of Flash Memory and has no conflicts with any other member of the Class. Furthermore, Plaintiff has retained competent counsel experienced in antitrust, complex litigation and class action litigation.

**CLASS ACTION COMPLAINT**

1    47.    This Class Action is superior to the alternatives, if any, for the fair and efficient

2    adjudication of this controversy.

3    48.    Prosecution of separate actions by individual Class members would create the risk

4    of inconsistent or varying adjudications, establishing incompatible standards of conduct for the

5    Defendants.

6    49.    Injunctive relief is appropriate as to the Class as a whole because Defendants have

7    acted or refused to act on grounds generally applicable to the Class.

8    50.    Defendants will be unjustly enriched because they will be able to retain the

9    benefits of their wrongful conduct, unless the Class procedure is used.

10    51.    The claims in this case are properly certifiable under the laws of the State of

11    California, and of other individual states.

12    **IX.    FACTUAL ALLEGATIONS**

13    **A.    Background Of Chips**

14    52.    Flash Memory is a type of electronic memory chip that retains its data when the

15    power is turned off.  It can be electronically erased and reprogrammed without being removed

16    from the circuit board.  Flash Memory is produced in the form of an integrated chip that can be

17    used in different applications.  These include, among other things, digital cameras, memory cards,

18    digital audio players, mobile phones, video game consoles, USB storage devices, fax machines

19    and personal computers.  Examples of Flash Memory include:

20         a.    CompactFlash (most often found in digital cameras),

21         b.    SmartMedia (digital cameras),

22         c.    Memory Stick (digital cameras),

23         d.    A computer's BIOS chip,

24         e.    PCMCIA Type l and Type II memory cards,

25         f.    Video game console memory cards,

26

27

28    **CLASS ACTION COMPLAINT**

1    g.  iPod and Shuffle music players (NAND Flash Memory chips to store

2       songs),

3    h.  iPhone.

4  **B.**  **Stand Alone Product**

5  53.  Flash Memory is not part or subsumed within another product. It is a stand alone

6 project that when purchased by a consumer, the consumer is typically buying the product itself –

7 not another product of which Flash Memory is a component. For that reason, determination of

8 the amount by which plaintiff and the Class sustained antitrust damages is not complicated by

9 the need to determine the extent to which defendants' price-fixing conduct inflated the price of

10 various components – one need only examine the extent to which Flash Memory prices were

11 inflated.

12  **C.**  **Storage Applications**

13  54.  Flash Memory is usually used for the task of secondary storage or long-term

14 persistent storage. The most widely used primary storage is a volatile form of RAM, meaning

15 when the computer is shut down, anything contained in RAM is lost. Non-volatile Flash

16 Memory is computer memory that can retain the stored information even when not powered.

17  **D.**  **Types of Flash Memory**

18  55.  NOR and NAND are the two main types of nonvolatile memory chips currently

19 used in electronic devices to retain data when power is switched off. NOR chips excel at reading

20 data at high speed, making them suitable for running software in cell phones, while NAND

21 chips, mostly used in digital cameras and music players, write data at high speed and generally

22 have greater storage capacity.

23  **E.**  **Defendants' Access To Monitoring Pricing**

24  56.  There are a number of industry trade organizations that have provided Defendants

25 ample opportunities to participate in Flash Memory cartel activities. For example, all of the

26 Defendants are members of the Joint Electron Device Engineering Council ("JEDEC") Solid

27

28 **CLASS ACTION COMPLAINT**

1    State Technology Association, a standard-setting organization which over the years has held

2    dozens of general membership meetings and regional meetings across the world. In addition,

3    Hynix and Micron are among the founding members of the Open NAND Flash Interface group,

4    the purpose of which is to meet and discuss standards and production of NAND Flash Memory

5    products. Among the other members of the group are Micron, Hitachi and Winbond.

6        57.    Defendants had numerous  opportunities to meet over the years to conduct cartel

7    activities at various electronics conventions and other industry meetings and expos across the

8    world. For example, Hitachi, Lexar, Mitsubishi, Renesas, Samsung, Toshiba and Winbond, or

9    their affiliates, are members of the CompactFlash Association which was founded in 1995 as "a

10   non-profit, mutual-benefit" association to promote various forms of flash memory. Since its

11   founding, CompactFlash members have met in Japan, Germany, the United Kingdom and the

12   United States.

13       58.    Members first got together in New Orleans in February 1997 at PMA 97. PMA,

14   or Photo Marketing Association, conducts international photo industry expos annually.

15       59.    Other CompactFlash meetings and presentations have been held every year since

16   1998 at the Consumer Electronics Show in Las Vegas, annual PMA shows in New Orleans,

17   Orlando, Florida and Las Vegas, Photokina shows in Germany, and World PC Expos in Tokyo.

18       60.    The September 7, 1999 World PC Expo '99 in Tokyo was typical of the meetings.

19   There were special meetings, dinners and other activities at the Expo that could translate into

20   cartel actions. In addition, the sponsor of the Expo proclaimed in a news release:

21       *Networking opportunities will also be promoted for overseas exhibiting companies by*

22       *holding an International Business Partnership Party where company representatives can*

23       *meet with Japanese buyers and an International Business Seminar that will examine IT*

24       *industry/market trends in China, India and Taiwan... Most overseas exhibiting*

25       *companies see the EXPO as a chance to meet potential business partners in Asian*

26       *markets, including the vast emerging market in China."*

27

15

1    61.    In addition, the structure of the market allowed Defendants to maintain and

2  enforce their cartel using methods such as price signaling.  On March 20, 2006, Hynix warned

3  investors that the prices of NAND Flash Memory could fall as much as 50% for the year.  The

4  next day, Samsung publicly announced that prices would recover and stabilize.  As of August

5  2006, Flash Memory prices had stabilized, in part, as a result of reduced inventory from

6  manufacturers.  "Apple to spur NAND Flash Market, firm says," *Electronic News*, August 9,

7  2006.

8    62.    One commentator, Gartner, Inc. analyst Richard Gordon, noted the pervasiveness

9  of cartel activity among the Defendants and others within the overall semiconductor industry. "If

10  the DOJ wanted to, it could just go down every line in the semiconductor industry and find the

11  same issue.  That's because there are a relatively few number of suppliers in the chip industry

12  and an open flow of communication between competitors and customers, who may not define

13  price fixing the same way the DOJ does," he said.

14  (http://blog.tmcnet.com/regulations/enforcement/doj-subpoenas-go-to-amd-nvidia-antitrust-viola

15  tions-eyed.asp)

16    63.    Another price monitoring avenue is the Internet.  Certain websites, such as

17  DRAMeXchange (found at http://www.dramexchange.com), allow Defendants to track each

18  other's Flash Memory prices as well.

19    64.    The locations of the headquarters of several of the defendants also provided

20  unlimited opportunities for those Defendants to participate in Flash Memory cartel activities. For

21  example, five Defendants – Renesas Technology America, Inc.; Hynix Semiconductor America,

22  Inc.; Mosel Vitelic Corporation; Samsung Semiconductor, Inc.; and Winbond Electronics

23  Corporation America, Inc.– are located in San Jose, California. Four of the five are within blocks

24  of each other on the same street:

25  ·    Hynix Semiconductor America, Inc., 3101 North First Street

26  ·    Mosel Vitelic Corporation, 3910 North First Street

27

16

28  **CLASS ACTION COMPLAINT**

1   ·    Samsung Semiconductor, Inc., 3655 North First Street

2   ·    Winbond Electronics Corporation America, Inc., 2727 North First Street

3       65.    The fifth Defendant in San Jose, Renesas Technology America, Inc., is located

4   nearby at 450 Holger Way. In addition, Defendants Mosel Vitelic, Inc. and Winbond Electronics

5   Corporation are located in the same technology park, Science-Based Industrial Park, in Hsinchu,

6   Taiwan.

7       66.    In Silicon Valley the power scene is in the private dinning rooms and banquet

8   rooms at Birk's Restaurant, 3955 Freedom Circle, Santa Clara, California. Birk's is the

9   quintessential gathering place for the top executives in Silicon Valley, including those from firms

10  in the North First Street corridor of San Jose (a quick trip away) and those visiting from

11  overseas. Various defendants and co-conspirators met at least once at Birk's during the class

12  period to carry out their cartel activities. This included discussions on Flash Memory prices,

13  subsequent agreements on fixing prices, and agreements on the methods of monitoring and

14  enforcing the agree-upon prices and markets.

15      67.    All the above access to monitoring prices allowed Defendants to communicate

16  with each other about their intended prices for Flash memory as early as 1999 and they continued

17  to do so throughout the class period. These conversations were not the sharing of publicly

18  available information, but rather the pattern seen in the DRAM and SRAM markets with

19  Defendants contacting each other prior to price moves and collecting competitive information.

20  This information sharing was intended, and in fact did, cause the price of Flash Memory to be

21  stabilized and/or artificially inflated in violation of antitrust laws.

22              **F.    Industry Pricing For Flash Memory**

23      68.    During the Class Period, prices for Flash Memory have been maintained at supra-

24  competitive levels as a result of Defendants' cartel activities. Prior to 1999, the average selling

25  price for all Flash Memory was at a decline. Beginning in 2000, and continuing through the first

26  quarter of 2001, the aggregate average price of Flash Memory stabilized and then increased.

27

28  **CLASS ACTION COMPLAINT**

1    69.    Flash Memory prices began to somewhat decline at the end of 2001 and the cartel

2    created by Defendants operated quickly to palliate those declines so that prices were still at

3    supra-competitive levels. The collusive behavior of Defendants still continues and has had the

4    effect of keeping prices at supra-competitive levels.

5    **G.    Department of Justice Investigations**

6    70.    The average price trends in the Flash Memory industry are similar to

7    contemporaneous price movements in the DRAM market. The pricing of DRAM and the

8    behavior of participants in the DRAM market during this period is currently the subject of a

9    price-fixing investigation by the antitrust Division of the U.S. Department of Justice ("DOJ").

10    Several of the Defendants named in this complaint are either currently the subject of the DRAM

11    investigation or have pleaded guilty to price-fixing charges in the DRAM matter. Samsung was

12    fined $300 million by the U.S. government in October 2005 for participating in DRAM price-

13    fixing. In addition, Samsung and some of the other Defendants are under investigation by the

14    DOJ for fixing the prices of SRAM. The agents and employees of Samsung, Hynix, and Micron

15    implicated in the DRAM price-fixing conspiracy are the same agents and employees that are

16    responsible for pricing SRAM and Flash Memory. Samsung and Hynix pleaded guilty to price-

17    fixing in the DRAM market during the period from 1999 to 2002 and have paid substantial fines.

18    Micron was the amnesty applicant in the DRAM price-fixing investigation.

19    71.    Mirroring alleged activity in the Flash Memory industry, the DOJ in October

20    2006 the DOJ sent subpoenas to 23 companies, including Samsung, Toshiba, Hynix, Renesas,

21    and Micron, in connection with an investigation of cartel activity in the SRAM industry. A DOJ

22    spokesperson was quoted as saying: "[t]he U.S. Department of Justice's antitrust division is

23    conducting an investigation regarding anti-competitive practices against chief SRAM

24    manufacturers." The SRAM investigation by the DOJ concerns anti-competitive conduct that

25    was continuing at least as recently as 2005.

26    ///

27

18

28    **CLASS ACTION COMPLAINT**

1    **H.    Unfair Business Practices and Anti-Competitive Conduct**

2    72.    Defendants participated in unfair business practices and anti-competitive conduct

3    that effectuated harm on businesses and consumers and violated standards of ethical behavior

4    through the following behavior:

5          a.    Participating in industry expos, meetings, social events and conversations

6              at trade association events and committees to discuss Flash Memory prices

7              in the United States;

8          b.    Agreeing during those meetings and conversations, to charge prices at

9              specified levels and otherwise to increase and maintain U.S. prices of

10             Flash Memory;

11         c.    Issuing price announcements in accordance with the agreements reached;

12             and

13         d.    Selling Flash Memory to customers in the United States at non-

14             competitive prices.

15   73.    Defendants' unlawful conduct was centered in, carried out, effectuated and

16   perfected mainly in the State of California. On a regular basis, statements concerning the prices

17   and market conditions for Flash Memory were disseminated by Defendants from and into

18   California. Therefore, all members of Class, whether or not California residents, are entitled to

19   recover under California law, as well as the laws of their own states.

20   **X.    CONCEALMENT OF CONSPIRACY**

21   74.    Defendants and their co-conspirators concealed their unlawful conduct from

22   Plaintiff throughout and beyond the conspiracy. Defendants and their co-conspirators conducted

23   their conspiracy in secret and within the confines of their executives. Plaintiff did not discover,

24   and could not have discovered through the exercise of reasonable diligence, that Defendants and

25   their co-conspirators were violating the antitrust laws as alleged herein until shortly before this

26   litigation was commenced.

27

28   **CLASS ACTION COMPLAINT**

1    75.    Because of the active concealment of the conspiracy by Defendants and their co-

2    conspirators, any and all applicable statutes of limitations otherwise applicable to Plaintiff's

3    allegations herein have been tolled.

4    **XI.  VIOLATIONS ALLEGED**

5                                    **First Claim**

6                        **(Violation of Section 1 of the Sherman Act)**

7    76.    Plaintiff incorporates and realleges, as though fully set forth herein, each and

8    every allegation set forth above.

9    77.    Although the precise dates are not known to Plaintiff, but are known to

10    defendants, Plaintiff alleges upon information and belief that from about January 1, 1999, and

11    continuing through the present, Defendants and their co-conspirators entered into agreements,

12    understandings, and a conspiracy in restraint of trade to artificially raise, fix, maintain, and/or

13    stabilize Flash Memory prices in the United States.  These agreements, understandings, and the

14    conspiracy violated Section 1 of the Sherman Act, 15 U.S.C. § 1.

15    78.    Defendants' and their co-conspirators' activities as alleged herein were within the

16    flow of, were intended to, and did have a major effect on the foreign and interstate commerce of

17    the United States.

18    79.    Defendants and their co-conspirators, in entering into and conducting the

19    conspiracy, committed the acts they agreed to commit, including those specifically set forth

20    herein and additional acts and conduct in furtherance of the conspiracy, with the specific goals

21    and intent:

22                a.    Of submitting rigged bids in order to secure and carry out certain Flash

23                      Memory contracts;

24                b.    Of fixing, raising, and maintaining the price of Flash Memory;

25                c.    Of allocating amongst themselves markets for Flash Memory; and

26                d.    Of allocating amongst themselves the production of Flash Memory.

27

20

28    **CLASS ACTION COMPLAINT**

1    80.    The effects of Defendants' and their co-conspirators acts have been, among other

2   things:

3                a.    The raising, fixing, maintenance, and stabilization of prices at artificially

4                      high and non-competitive levels for Flash Memory sold by Defendants

5                      and their co-conspirators in the United States;

6                b.    Suppression, restraint and/or elimination of price competition in the sale

7                      of Flash Memory in the United States; and

8                c.    The denial of the benefits of competition to consumers of Flash Memory

9                      products.

10   81.    Plaintiff and Class members have been injured and will continue to be injured in

11   their business and property by paying more for Flash Memory purchased indirectly from

12   Defendants and their co-conspirators than they would have paid and will pay in the absence of

13   the combination and conspiracy. This includes paying more for personal computers, mobile

14   phones and other products in which Flash Memory is a component as a result of higher prices

15   paid for Flash Memory by the manufacturers of those products.

16   82.    Plaintiff and the Class are entitled to an injunction against Defendants, preventing

17   and restraining the violations alleged herein.

18   **Second Claim**

19   **(Violation of the California Cartwright Act)**

20   83.    Plaintiff realleges the paragraphs set forth above and incorporates them herein as

21   if fully alleged.

22   84.    The acts of Defendants in violation of federal and state antitrust laws and other

23   laws as alleged herein were carried out, centered in, effectuated from and perfected largely

24   within the State of California. The conduct of Defendants in California injured all members of

25   the Class throughout the United States. As a result, this claim for relief under California law is

26   brought on behalf of all Class members regardless of their residence and/or domicile.

27

28   **CLASS ACTION COMPLAINT**

1    85.    Defendants and their co-conspirators, from at least as early as January 1, 1999,

2  and continuing through the present, entered into and engaged in a continuing conspiracy in

3  violation of Section 16720 of the California Business and Professional Code. Defendants and

4  their co-conspirators acted in violation of Section 16720 to fix, raise, stabilize and maintain

5  prices of, and allocate markets for, Flash Memory at prices in excess of what they would have

6  been absent Defendants' and their co-conspirators' conduct as alleged herein.

7    86.    As alleged herein, the violations of Section 16720 of the California Business and

8  Professions Code comprised a continuing unlawful trust and concert of action between and

9  among the Defendants and their co-conspirators. The substantial terms of this unlawful trust

10  were to fix, raise, maintain and stabilize the prices of, and to allocate Flash Memory markets.

11    87.    Defendants and their co-conspirators, in carrying out this illicit trust and

12  conspiracy:

13         a.    Submitted rigged bids for the award and performance of certain Flash

14              Memory contracts;

15         b.    Fixed, raised, maintained, and stabilized the price of Flash Memory;

16         c.    Allocated markets for Flash Memory among themselves; and

17         d.    Allocated the production of Flash memory among themselves.

18    88.    As a result, Defendants' and their co-conspirators' actions caused:

19         a.    The restraint of price competition in the sale of Flash Memory in the State

20              of California and throughout the United States;

21         b.    The fixing of artificially high, non-competitive prices for Flash Memory

22              sold by Defendants and their co-conspirators in the State of California and

23              throughout the United States; and

24         c.    Plaintiff and the Class to be deprived of the benefit of free and open

25              competition in the pricing of Flash Memory.

26

27

22

1    89.    Plaintiff and the Class members have been injured in their business and property

2  as a direct and proximate result of Defendants' and their co-conspirators' unlawful conduct

3  because they paid more for products containing Flash Memory than they otherwise would have

4  paid but for Defendants' unlawful conduct. Plaintiff and members of the Class seek treble

5  damages and the costs of the suit, including reasonable attorneys' fees, pursuant to Section

6  16750(a) of the California Business and Professions Code, as a result of Defendants' and their

7  co-conspirators' violations of Section 16720 of the California Business and Professions Code.

8                                   **Third Claim**

9                  **(Violation of the California Unfair Competition Law)**

10    90.    Plaintiff realleges the allegations set forth above and incorporates them herein as

11  if fully set forth.

12    91.    The acts by Defendants in violation of federal and state antitrust laws and other

13  laws as alleged herein were carried out, centered in, effectuated from and perfected largely

14  within the State of California. Defendants' conduct within California injured all members of the

15  Class throughout the United States. As a result, this claim for relief under California law is

16  brought on behalf of all members of the Class, regardless of their residence and/or domicile.

17    92.    Defendants and their co-conspirators, beginning no later than January 1, 1999,

18  and continuing to the present, violated Section 17200 by engaging in acts of unfair competition

19  as alleged herein.

20    93.    This Claim is asserted pursuant to Sections 17203 and 17204 of the California

21  Business and Professions Code. Plaintiffs and members of the Class seek restitution from

22  Defendants for the acts alleged herein which violate Section 17200 of the California Business

23  and Professions Code.

24    94.    As set forth herein, the acts of Defendants and their co-conspirators are unfair,

25  unlawful and/or fraudulent business acts or practices within the meaning of California Business

26  and Professions Code, Section 17200 and include, but are not limited to, the following:

27

28  **CLASS ACTION COMPLAINT**

1          a.     Violations of Section 1 of the Sherman Act;

2          b.     Violations of Section 16720, *et seq.*, of the California Business and

3               Professions Code;

4          c.     Other acts by Defendants and their co-conspirators as alleged herein which

5               are otherwise unfair, unconscionable, unlawful or fraudulent within the

6               meaning of Section 17200, California Business and Professions Code; and

7     95.     Plaintiff and each member of the Class are entitled to full restitution and/or

8 disgorgement of all revenues, earnings, profits, compensation and benefits which Defendants and

9 their co-conspirators may have obtained as a result of such business acts or practices.

10     96.     Defendants' and their co-conspirators' acts as alleged herein have caused and

11 continue to cause Plaintiff and Class members to pay higher prices for products containing Flash

12 Memory than they would have paid but for these acts.  Plaintiff and Class members  sustained

13 injury in fact and lost money or property as a result of such unfair competition with this conduct

14 violating §17200 of the California Business and Professions Code.

15     97.     Because Defendants and their co-conspirators have been unjustly enriched.

16 Plaintiff and the Class are entitled to relief including restitution and/or disgorgement of all

17 revenues, earnings, profits, compensation and benefits which may have been obtained by

18 Defendants as a result of such business practices, pursuant to the California Business and

19 Professions Code, Sections 17203 and 17204.

20                      **Fourth Claim**

21         **(Violation of State Antitrust and Unfair Competition Law)**

22     98.     Plaintiff incorporates and realleges, as though fully set forth herein, each and

23 every allegation set forth in the preceding paragraphs of this Complaint.

24     99.     By entering into agreements in the restraint of trade, Defendants violated the

25 following:

26          a.     Alabama Code §§ 8-10-1 et seq.

27

28 **CLASS ACTION COMPLAINT**

1           b.     Arizona Revised Stat. §§ 44-1401 et seq.

2           c.     District of Columbia Code Ann. §§ 28-4503 et seq.

3           d.     Iowa Code §§ 553.1 et seq.

4           e.     Kansas Stat. Ann. §§_ 50-101 et seq.

5           f.     Maine Rev. Stat. Ann. 10, §§_ 1101 et seq.

6           g.     Michigan Com. Laws. Ann. §§ 445.773 et seq.

7           h.     Minnesota Stat. §§ 325D.52 et seq.

8           I.     Mississippi Code Ann. §§ 75-21-1 et seq.

9           j.     Nebraska Rev. Stat. §§ 59-801 et seq.

10         k.     Nevada Rev. Stat. Ann. §§ 598A et seq.

11         l.     New Mexico Stat. Ann. §§ 57-1-1 et seq.

12         m.     North Carolina Gen. Stat. §§ 75-1 et seq.

13         n.     North Dakota Cent. Code §§ 51-08.1-01 et seq.

14         o.     Pennsylvania common law.

15         p.     South Dakota Codified Laws Ann. §§ 37-1 et seq.

16         q.     Tennessee Code Ann. §§ 47-2-101 et seq.

17         r.     Vermont Stat. Ann. 9 §§ 2453 et seq.

18         s.     West Virginia §§ 47-18-1 et seq. and

19         t.     Wisconsin Stat. §§ 133.01 et seq.

20    100.    In each state listed above, Class members paid supra-competitive, artificially

21 inflated prices for Flash Memory. As a direct and proximate result of Defendants' unlawful

22 conduct, such members of the Class have been injured in their business and property in that they

23 paid more for Flash Memory products than they otherwise would have paid in the absence of the

24 Defendants' unlawful conduct.

25                                  **Fifth Claim**

26        **(Violation of State Consumer Protection and Unfair Competition Laws)**

27

28   **CLASS ACTION COMPLAINT**

1    101.    Plaintiff incorporates and realleges, as thought fully set forth herein, each and

2    every allegation set forth in the preceding paragraphs of this Complaint.

3    102.    Defendants violated state consumer protection and unfair competition statutes by

4    their illegal conduct. Those states include:

5           a.    Alaska Stat. §§ 45.50.471 et seq.

6           b.    District of Columbia Code §§ 28-3901 et seq.

7           c.    Florida Stat. §§ 501.201 et seq.

8           d.    Hawaii Rev. Stat. §§ 480 et seq.

9           e.    Idaho Code §§ 48-601 et seq.

10          f.    Kansas Stat. §§ 50-623 et seq.

11          g.    Louisiana Rev. Stat. §§ 51:1402 et seq.

12          h.    5 Maine Rev. Stat. §§ 207 et seq.

13          I.    Montana Code §§ 30-14-101 et seq.

14          j.    Nebraska Rev. Stat. §§ 59-1601 et seq.

15          k.    New Mexico §§ 57-12-1 et seq.

16          l.    New York Gen. Bus. Law §§ 349 et seq.

17          m.    North Carolina Gen. Stat. §§ 75-1.1 et seq.

18          o.    Oregon Rev. Stat. §§ 646.605 et seq.

19          p.    Rhode Island Gen. Laws. §§ 6-13.1-1 et seq.

20          q.    South Carolina Code Laws §§ 39-5-10 et seq.

21          r.    Utah Code §§ 13-11-1 et seq.

22          s.    9 Vermont §§ 2451 et seq.

23          t.    West Virginia Code §§ 46A-6-101 et seq.

24          u.    Wyoming Stat. §§ 40-12-105 et seq.

25    103.    Members of the Class in these states paid supra-competitive, artificially inflated

26    prices for Flash Memory products. Plaintiff and Class members, as a direct and proximate result

27

26

1   of Defendants' unlawful conduct, have been injured in their business and property in that they

2   paid more for Flash Memory products than they otherwise would have paid in the absence of

3   Defendants' unlawful conduct.

**Sixth Claim**

**(Unjust Enrichment and Disgorgement of Profits)**

6   104.   Plaintiff realleges the allegations set forth above as if fully set forth herein.

7   105.   Defendants and their co-conspirators, as a result of the conduct alleged herein,

8   have been unjustly enriched through overpayments by Plaintiff and the other Class members and

9   the resulting profits.

10   106.   Defendants should not be permitted to retain the benefits conferred by

11   overpayments by Plaintiff and the other members of the Class.

12   107.   Plaintiff seeks disgorgement of all profits resulting from such overpayments and

13   establishment of a constructive trust from which Plaintiff and members of the Class may seek

14   restitution.

**XII.   PRAYER FOR RELIEF**

16   WHEREFORE, plaintiff prays:

17   A.   The Court determine that class treatment pursuant to Federal Rules of Civil

18   Procedure 23(a), 23(b)(2), and 23(b)(3) is appropriate for the claims alleged herein under the

19   Sherman Act, the California Cartwright Act, the California Unfair Competition Law, the state

20   antitrust and unfair competition laws and the common law;

21   B.   The Defendants, their affiliates, successors, transferees, assignees, and the

22   officers, directors, partners, agents, and employees thereof, and all other persons acting or

23   claiming to act on their behalf, be permanently enjoined and restrained from in any manner

24   continuing, maintaining, or renewing the conduct, contract, trust, understanding, conspiracy, or

25   combination alleged herein, or from entering into any other conduct, contract, trust,

26

27

28   **CLASS ACTION COMPLAINT**

1    understanding, conspiracy, or combination having a similar purpose or effect, and from adopting

2    or following any practice, plan, program, or device having a similar purpose or effect;

3        C.    The unlawful conduct, contract, conspiracy or combination alleged herein be

4    adjudged and decreed to be:

5            i.    A restraint of trade or commerce in violation of section 1 of the Sherman

6            Act;

7            ii.    A violation of the California Cartwright Act;

8            iii.    A violation of the California Unfair Competition Law;

9            iv.    Violations of the state antitrust and unfair competition laws; and

10            v.    Acts of unjust enrichment.

11        D.    Plaintiff and members of the Class recover damages, as available under the law,

12    and that a judgment be entered in favor of Plaintiff and the Class jointly and severally against

13    Defendants in an amount to be trebled in accordance with applicable laws;

14        E.    Plaintiff and Class members be awarded restitution, including disgorgement of

15    profits obtained by Defendants as a result of their acts of unfair competition and acts of unjust

16    enrichment;

17        F.    Plaintiff and Class members be awarded pre- and post- judgment interest from

18    and after the date of service of the initial complaint in this action;

19

20

21

22

23

24

25

26

27

28    **CLASS ACTION COMPLAINT**

G.    Plaintiff and Class members recover their costs of this suit, including reasonable attorneys' fees as provided by law; and

H.    Plaintiff and Class members receive such other and further relief as the nature of the case may require or as the Court deems just, equitable, and proper.

Dated: September 27, 2007

LAW OFFICES OF JOHN M. KELSON

By: _____

JOHN M. KELSON

Attorneys for Representative Plaintiff

And the Plaintiff Classes

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

Dated: September 27, 2007

LAW OFFICES OF JOHN M. KELSON

By: _____

JOHN M. KELSON

Attorneys for Representative Plaintiff

And the Plaintiff Classes

PLAINTIFFS' CLASS ACTION COMPLAINT